UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ANELY WOSSENYLESH TEGEGN,

Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION SERVICE; JOHN ASHCROFT, Attorney General,

Respondents.

No. 02-1265

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A71-798-428)

Argued: January 24, 2003

Decided: March 12, 2003

Before WILKINSON, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Donald Louis Schlemmer, Washington, D.C., for Petitioner. Michele Yvette Frances Sarko, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents. **ON BRIEF:** Robert D. McCallum, Jr., Assistant Attorney General, Emily Anne Radford, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anely Wossenylesh Tegegn, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. We have reviewed the administrative record and find that substantial evidence supports the Board's conclusion that Tegegn failed to establish a well-founded fear of persecution as necessary to qualify for relief from deportation. 8 U.S.C. § 1105a(a)(4)(1994); 8 C.F.R. § 208.13(b)(2)(iii)(2002); *Huaman-Cornelio v. Board of Immigration Appeals*, 979 F.2d 995, 999 (4th Cir. 1992); *M.A. v. INS*, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).* She therefore could not meet the higher standard for withholding deportation. *See INS v. Cardozo-Fonseca*, 480 U.S. 421, 431-32 (1987).

Accordingly, we affirm the court's order.

*AFFIRMED*

---

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.